UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMONTHY ALLEN COLEMAN,<br><br>Plaintiff,<br><br>v.<br><br>MELISSA LEA COLEMAN, et al.,<br><br>Defendants. | No.  2:20-cv-00548-TLN-CKD PS<br><br><br><br>ORDER<br><br>(ECF No. 2) |

Plaintiff is proceeding in this action pro se.  Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 302(c)(21).

Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them.  Accordingly, the request to proceed in forma pauperis is granted.  28 U.S.C. § 1915(a).

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

1

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A federal district court does not have jurisdiction to review errors in state court decisions in civil cases. Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923). "The district court lacks subject matter jurisdiction either to conduct a direct review of a state court judgment or to scrutinize the state court's application of various rules and procedures pertaining to the state case." Samuel v. Michaud, 980 F. Supp. 1381, 1411-12 (D. Idaho 1996), aff'd, 129 F.3d 127 (9th Cir. 1997). See also Branson v. Nott, 62 F.3d 287, 291-92 (9th Cir.1995) (finding no subject matter jurisdiction over section 1983 claim seeking, inter alia, implicit reversal of state trial court action); MacKay v. Pfeil, 827 F.2d 540, 544-45 (9th Cir. 1987) (attacking state court judgment because substantive defense improper under Rooker-Feldman). That the federal district court action alleges the state court's action was unconstitutional does not change the rule. Feldman, 460 U.S. at 486. If federal claims are "inextricably intertwined" with a state court judgment, the federal court may not hear them. Id. "[T]he federal claim is 'inextricably intertwined' with the state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987) (Marshall, J., concurring). In sum, the Rooker-Feldman doctrine applies "[i]f a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." Noel v. Hall, 341 F.3d 1148, 1163–64 (9th Cir. 2003).

Here, plaintiff filed suit against Melissa Coleman, Stanislaus County Superior Court, the Fifth District Court of Appeals, and the Supreme Court of California. (ECF No. 1 at 2.) Plaintiff alleges that Melissa Coleman filed an action in state court that alleged plaintiff was a risk of abducting their daughter. (ECF No. 1 at 8.) Plaintiff alleges that the procedural deficiencies of the state court proceedings violated his due process rights. (See ECF No. 1 at 9-12.) For example, plaintiff alleges that the trial court incorrectly placed the burden of proof on plaintiff, plaintiff was not allowed to testify in a "meaningful way," and the court "predetermined the outcome of the proceeding." (ECF No. 1 at 9-10.) Plaintiff subsequently appealed the trial

court's decision to the California Supreme Court, where he lost. (ECF No. 1 at 13.) Plaintiff prays that this court "issue an order that results in a proceeding under California Family Code 3048"—i.e., plaintiff is requesting this court to reverse the state trial court's decision and order a new hearing. (See ECF No. 1 at 15.) Plaintiff is, in essence, seeking a direct appeal to this court from the decision of the California Supreme Court, something prohibited by the Rooker-Feldman doctrine. See Noel, 341 F.3d at 1154 ("Under Rooker-Feldman, a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court."). Therefore, this court does not have subject matter jurisdiction over plaintiff's complaint, and it must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how this action is not in violation of the Rooker-Feldman doctrine, mentioned above. Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted;

2. Plaintiff's complaint is dismissed; and

////

////

////

////

////

3

3.  Plaintiff is granted thirty days from the date of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  July 21, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

16.cole.548.lta