UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMONTHY ALLEN COLEMAN,<br><br>Plaintiff,<br><br>v.<br><br>MELISSA LEA COLEMAN, et al.,<br><br>Defendants. | No.  2:20-cv-00548-TLN-CKD PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se.  On July 21, 2020, the court dismissed plaintiff's complaint, with leave to amend.  Plaintiff has now filed an amended complaint.

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

As plaintiff was advised in the court's order of dismissal with leave to amend, a federal district court does not have jurisdiction to review errors in state court decisions in civil cases.

1

Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923). "The district court lacks subject matter jurisdiction either to conduct a direct review of a state court judgment or to scrutinize the state court's application of various rules and procedures pertaining to the state case." Samuel v. Michaud, 980 F. Supp. 1381, 1411-12 (D. Idaho 1996), aff'd, 129 F.3d 127 (9th Cir. 1997). See also Branson v. Nott, 62 F.3d 287, 291-92 (9th Cir.1995) (finding no subject matter jurisdiction over section 1983 claim seeking, inter alia, implicit reversal of state trial court action); MacKay v. Pfeil, 827 F.2d 540, 544-45 (9th Cir. 1987) (attacking state court judgment because substantive defense improper under Rooker-Feldman). That the federal district court action alleges the state court's action was unconstitutional does not change the rule. Feldman, 460 U.S. at 486. If federal claims are "inextricably intertwined" with a state court judgment, the federal court may not hear them. Id. "[T]he federal claim is 'inextricably intertwined' with the state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987) (Marshall, J., concurring). In sum, the Rooker-Feldman doctrine applies "[i]f a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." Noel v. Hall, 341 F.3d 1148, 1163–64 (9th Cir. 2003).

Here, plaintiff's amended complaint names the Stanislaus County Superior Court and Xavier Bacerra (*sic*), the California Attorney General[1]. (ECF No. 4 at 1.) Plaintiff alleges the Stanislaus County Superior Court "accepted and returned [a] motion for service" relating to an action filed by Melissa Coleman alleging that plaintiff was a risk of abducting their daughter. (ECF No. 4 at 7.) After an unsuccessful mediation, the court issued an order restricting the plaintiff's travel with his daughter. (Id at 8.) Plaintiff subsequently appealed the trial court's decision to the California Court of Appeal Fifth District and to the California Supreme Court, losing both times.[2]

---

[1] There are no factual allegations against the Attorney General that the court can discern.
[2] See, California Appellate Courts Case Information, http://appellatecases.courtinfo.ca.gov/search.cfm?dist=0 (search last name "Coleman" and first name "Timothy").

1    As he did in his original complaint, plaintiff again alleges that the procedural deficiencies
2    of the state court proceedings violated his due process rights.  (See ECF No. 4 at 9.)  For example,
3    plaintiff alleges that the trial court incorrectly placed the burden of proof on plaintiff, plaintiff
4    was not allowed to testify in a "meaningful way," and the court "predetermined the outcome of
5    the proceeding."  (Id.)

6    Plaintiff is, in essence, seeking a direct appeal to this court from the decision of the
7    California Supreme Court, something prohibited by the Rooker-Feldman doctrine.  See Noel, 341
8    F.3d at 1154 ("Under Rooker-Feldman, a federal district court does not have subject matter
9    jurisdiction to hear a direct appeal from the final judgment of a state court.").  Plaintiff asserts in
10   his amended complaint that, "this complaint does not violate the Rooker-Feldman Doctrine as my
11   injury comes from the Stanislaus Superior Court unconstitutionally applying the law of the State
12   of California against me thereby depriving me of my Constitutionally Guaranteed Civil Rights."
13   (ECF 4 at 10.)   The court disagrees with plaintiff's analysis, and finds that this court does not
14   have subject matter jurisdiction over plaintiff's complaint. The amended complaint must therefore
15   be dismissed.

16   If a complaint fails to state a plausible claim, "[a] district court should grant leave to
17   amend even if no request to amend the pleading was made, unless it determines that the pleading
18   could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122,
19   1130 (9th Cir. 2000) (en banc); see also Gardner v. Marino, 563 F.3d 981, 990 (9th Cir. 2009)
20   (finding no abuse of discretion in denying leave to amend when amendment would be futile).
21   Here, the court provided plaintiff with an opportunity to cure his defective pleadings
22   regarding the elements addressed herein.  At this juncture, the court is of the opinion that further
23   leave to amend would be futile.  The TAC should therefore be dismissed without leave to
24   amend.  See Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco, 792 F.2d 1432, 1438
25   (9th Cir. 1986) ("The district court's discretion to deny leave to amend is particularly broad
     where the court has already given the plaintiff an opportunity to amend his complaint.").
26   In accordance with the above, IT IS HEREBY RECOMMENDED that:
27       1. Plaintiff's amended complaint be dismissed without leave to amend.
28       2. The Clerk of Court be directed to close this case.

3

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 8, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE